SARAH V. KINNEY, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.— Plaintiff has appealed from an order of the Rensselaer Trial Term of the Supreme Court setting aside both general and special verdicts rendered by a jury in her favor. This action was brought to recover on a policy of insurance issued by defendant upon the life of plaintiff's deceased husband. The policy was issued February 15, 1924. It was kept in force until February 15, 1932. On that date a premium in the sum of nine dollars and eight cents became due to the company. Against that amount the insured was entitled to a credit of eight dollars and twenty-one cents leaving a balance due of eighty-seven cents. In addition to that the insured owed the company three dollars and sixty-nine cents, being an interest charge on a former loan. His total indebtedness to the company was, therefore, four dollars and fifty-six cents. This amount was not paid and the policy lapsed by reason thereof on March 17, 1932. On April 27, 1932, insured applied for reinstatement upon a blank supplied by defendant. He paid to defendant's agent the amount of his indebtedness. The application for reinstatement was accompanied by the certificate of defendant's medical examiner. Although the doctor found the insured overweight nevertheless he recommended that the application for reinstatement be granted. As a condition of reinstatement the defendant had the right to require the insured to submit " evidence of insurability satisfactory to the company and approved at its home office." There was a printed notice

at the foot of the medical report on the blank for reinstatement to the effect that the company reserved the right to require further evidence and other evidence of insurability in addition to the doctor's certificate before considering the application for reinstatement. On May 6, 1932, defendant's medical director wrote the district manager to have the insured weighed and measured. Due to the absence of the insured this was not done until May 14, 1932. On May 16, 1932, the district manager sent his record of the insured's weight and height. The insured died on May 18, 1932. On May 20, 1932, the defendant by letter rejected the insured's application for reinstatement conditionally. The condition was that the insured should pay an additional premium because of overweight. The trial judge submitted to the jury the following question: " Did the defendant act within a reasonable time upon the application for reinstatement? " The jury answered that question in the negative and returned a verdict for the plaintiff for the amount of the policy. The trial judge set aside the general and special verdicts as against the weight of the evidence and directed a new trial. Order unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.